■ GENERAL CAMERA CORPORATION, Respondent, v LITTORAL PRODUCTIONS, INC., Appellant and Third-Party Plaintiff, et al., Third-Party Defendant. GENERAL CAMERA CORPORATION, Plaintiff, v LITTORAL PRODUCTIONS, INC., Defendant and Third-Party Plaintiff-Appellant. MENDON LEASING CORPORATION, Third-Party Defendant-Respondent.—Order of the Supreme Court, New York County (William J. Davis, J.), entered December 14, 1990, which granted plaintiff's motion for summary judgment, unanimously reversed, on the law, and the motion denied,

without costs. Order of the same court, entered June 3, 1991, which denied third-party plaintiff's motion for a default judgment and granted third-party defendant's cross-motion to compel acceptance of its answer, unanimously affirmed, without costs.

Defendant/third-party plaintiff Littoral Productions ("Littoral") rented film equipment from plaintiff General Camera for a period of six weeks. Although a rental contract was drawn up, it bears no signature of any Littoral employee. In connection with the production, Littoral rented a truck from third-party defendant Mendon Leasing Corporation ("Mendon"). It is alleged by Littoral that it left the truck, containing the rented film equipment, in a 24-hour, manned parking lot owned and operated by Mendon in the City and County of New York at 131 Tenth Avenue. The truck and its contents were stolen from Mendon's facility.

Supreme Court granted General Camera's motion for summary judgment against Littoral on the ground that, although it did not sign it, Littoral's performance of the terms of the contract manifested an intention to adopt the contract. While we do not dispute the legal proposition relied upon, we note that it requires a finding of fact (*Arnold v Gramercy Co.,* 15 AD2d 762, *affd* 12 NY2d 687) and, thus, is an issue inappropriate for resolution upon a motion for summary judgment (*Jillcy Film Enters. v Home Box Off.,* 593 F Supp 515, 520 [SD NY 1984]).

In the third-party action, Littoral seeks to hold Mendon liable for loss of the film equipment, alleging that a bailment had been created and, further, that Mendon negligently left the vehicle unattended. Service of the summons and complaint was made by serving the Secretary of State. Littoral moved for entry of judgment more than one year following Mendon's default in answering (CPLR 3215), and Mendon cross-moved to compel acceptance of its answer. Supreme Court denied the motion and granted the cross-motion.

On appeal, Littoral argues that Mendon's defenses are not supported by an affidavit of someone having personal knowledge of the facts. However, Mendon's defense based on the provisions of its leasing contract is certainly one which an attorney may appropriately assert. As to Mendon's defense based on the law of bailment, while there is no statement of any Mendon employee denying knowledge as to the contents of the truck, neither is there any assertion by an employee of Littoral that Mendon had any reason to know of the contents of the vehicle, and the fact, not having been asserted, cannot

be deemed admitted for the purpose of the summary judgment motion (Siegel, NY Prac § 281). Concur—Rosenberger, J. P., Ellerin, Wallach, Kassal and Rubin, JJ.